AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Mississippi

| | |
|---|---|
| United States of America<br>v.<br>Nikolaos Thomson KOUTSOS, – 001<br>James Scott HORRISBERGER, AND – 002<br>Lai Fou SAECHAO – 003<br><br>*Defendant(s)* | Case No.<br><br>3:17mj 136-LRA |

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 08 2017
ARTHUR JOHNSTON
BY_____ DEPUTY

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **June 6, 2017** in the county of **Copiah** in the **Southern** District of **Mississippi**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 841 | Possession of Marijuana with Intent to Disttribute |
| 21 USC 846 | Conspiracy to possess Marijuana with Intent to Distribute |
| 18 USC 1952 | Interstate Transportation in Aid of Racketeering |

This criminal complaint is based on these facts:

Attached Affidavit in Support of criminal complaint

☑ Continued on the attached sheet.

_____
Complainant's signature

Malcolm C. McMillin, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: June 8, 2017

_____
Judge's signature

City and state:    Jackson, Mississippi        Magistrate Judge Linda R. Anderson
*Printed name and title*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Malcolm C. McMillin, being duly sworn do hereby depose and state the following:

I am a special agent with Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) and have been so employed since March 2003. Prior to this appointment, I was employed as a Special Agent with the United States Secret Service from May 1997 through March 2003 and have also served as an agent with the Mississippi Department of Public Safety, Mississippi Bureau of Narcotics (MBN) from January 1993 through May 1997. I currently have over twenty four years of combined law enforcement experience.

I am currently assigned by HSI to the Office of the Resident Agent in Charge, Jackson, Mississippi. I am statutorily empowered to investigate violations of Title 21 of the United States Code. I have received training from the U.S. Secret Service Training Division, Beltsville, Maryland; Federal Law Enforcement Training Center, Glynco, Georgia; Mississippi Law Enforcement Training Academy, Pearl, Mississippi; and the Mississippi Bureau of Narcotics Training Academy, Morton, Mississippi. In addition, I have received numerous hours of in-service training in law enforcement investigative techniques, narcotics identification, money laundering, and electronic surveillance methods and in the methodology utilized by criminal organizations to transport and distribute narcotics as well as the identification and detection of other illicit activities which are frequently associated with trafficking in illicit narcotics. My duties at HSI include (but are not limited to) the investigation of organized narcotics traffickers and smugglers, bulk cash smugglers, and narcotics money launderers. While employed with MBN, my primary duties as an agent were to investigate felony violations of the Mississippi Uniform Controlled Substances

Act (MUSCA). I have been the affiant on prior requests for wire and electronic communications intercept, as well as participating in active wire and electronic communications interceptions which other law enforcement agencies and officers have conducted. I have been involved in investigations targeting organized domestic and international importation and distribution of cocaine, methamphetamine, methylenedioxymethamphetamine (MDMA), marijuana, Lysergic acid diethylamide (LSD), heroin and "SPICE" (synthetic cannabinoids).

As a result of my current and previous employment, I have received extensive specialized training in the field of narcotics identification and investigation, I have extensive experience in the arena of narcotics trafficking and the clandestine movement of monies received as a result of the illicit trafficking in controlled substances as well as the methods used to distribute and traffic in controlled substances. My training has been both formal, classroom based instruction involving practical exercises as well as direct supervision and on-the-job training from senior agents and officers experienced in and familiar with the methodology, tactics and techniques utilized to further the illegal activities referenced above.

Based on my training and experience, I am familiar with the methods employed by narcotics traffickers operating at the local, state, national, and international levels, including those methodologies involving the covert distribution, storage, and transportation of narcotics and the collection of money that constitutes the proceeds of narcotics-trafficking activities.

## **PURPOSE**

This affidavit is presented in support of a criminal complaint authorizing the arrest of NIKOLAOS THOMSON KOUTSOS, JAMES SCOTT HORRISBERGER and LAI FOU SAECHAO for violation of Title 21 United States Code Section 841 and 846 and Title 18 United States Code Section 1952. The information provided in this affidavit is based on my own personal knowledge of this investigation and on information provided to me by other law enforcement officers and agents familiar with the investigation of KOUTSOS. Since this Affidavit is being submitted for the limited purpose of establishing probable cause for the arrest of NIKOLAOS THOMSON KOUTSOS, JAMES SCOTT HORRISBERGER and LAI FOU SAECHAO, I have not presented each and every fact known to me concerning this investigation. I have only set forth the facts that I believe are necessary to establish that there is probable cause to believe that the above referenced criminal activities have been committed.

## **BACKGROUND**

I became involved in the investigation of NIKOLAOS THOMSON KOUTSOS, JAMES SCOTT HORRISBERGER and LAI FOU SAECHAO on June 6, 2017 when United States Customs and Border Protection (CBP) Air and Marine Operations Agents requested assistance from HSI Jackson with an encounter of a Federal Aviation Administration (FAA) Registered Aircraft (Tail Number: N454SC). CBP Air Interdiction Agents based in New Orleans were alerted to the aircraft by the Department of Homeland Security Air and Marine Operation Center (AMOC) that N454SC had departed Oroville Municipal Airport, located in northern California traveled to Los Alamos, New Mexico where the aircraft refueled before continuing east by southeast across Texas and Louisiana. AMOC is a CBP entity with United States federal authority,

who, in conjunction with international partners, is responsible for monitoring and tracking Aircraft travel routes both domestic and international and is further responsible for identifying and mitigating illegal activity as it relates to the non-commercial aviation sector. AMOC applies sophisticated technology to detect, identify, track, and direct the interdiction of suspect aviation and maritime targets.

According to FAA Registration Documents made available to your affiant, N454SC is owned by Progressive Concepts of America, LLC, a Nevada based corporation. Open source database inquiries indicate that NIKOLAOS THOMSON KOUTSOS was the sole registered principal of Progressive Concepts of America, LLC.

AMOC personnel also observed an alert in DHS Databases entered by HSI Redding, California which indicated that KOUTSOS was suspected of conducting and coordinating aviation smuggling activities. This alert was entered in June 2016.

AMOC notified CBP AMO Branches in El Paso, Texas; San Angelo, Texas, Houston, Texas and New Orleans to attempt to encounter and inspect this aircraft if it landed in their respective areas of operation.

CBP New Orleans aircraft attempted to identify possible refueling locations along the route of N454SC when the aircraft abruptly decreased altitude and landed at Copiah County Airport in Crystal Springs, Mississippi. N454SC was on site at this location and was taxiing for take-off after refueling when CBP New Orleans aircraft arrived on site. CBP contacted N454SC via aviation radio frequency and identified themselves as Homeland Security and requested the pilot stand-by for Pilot Certification Inspection (PCI) prior to departure. N454SC complied with the request and taxied to a stop. CBP Aviation Interdiction Agent Martin Smith approached the

4

pilot who had exited the aircraft and closed the doorway before moving some distance from the aircraft. AIA Smith observed this and found it out of the norm for the multiple PCI encounters he had conducted. AIA Smith indicates that the normal location for these encounters is plane-side. The pilot identified himself as James Scott HORRISBERGER and presented his FAA Pilot's License which complied with and was rated for the aircraft identified through FAA Registration Number N454SC. During the encounter, HORRISBERGER indicated that there were two additional persons onboard the aircraft (which AIA Smith observed to be closed doors and not in operation). AIA Smith further observed that the weather at the time of the encounter would in his experience make the interior of the stationary aircraft extremely uncomfortable for any persons onboard.

AIA Smith found it suspicious that any passengers would remain on board an aircraft which was not in operation or underway when the interior temperature would in his experience be extremely uncomfortable. AIA Smith approached the aircraft, knocked on the fuselage and asked the passengers to open the passenger access door and exit the aircraft, but received no response. During this approach, AIA Smith observed what he knew from training and experience to be the odor of marijuana. HORRISBERGER refused to provide consent for AIA Smith to board and search the aircraft. AIA Smith, based on the behavior of HORRISBERGER during the PCI, his attempt by moving a considerable distance from the aircraft and the odor of marijuana emanating from the closed aircraft as well as the refusal of the passengers to open the aircraft door, detained the aircraft for suspicion of narcotics smuggling. When the aircraft was detained, the two remaining passengers exited the aircraft and were identified as NIKOLAOS THOMSON KOUTSOS, the principal for the corporation listed as owning the aircraft and LAI FOU SAECHAO, a citizen and national of Laos, lawfully present in the United States.

5

AIA Smith requested assistance from HSI Jackson at this time and requested a canine unit be dispatched to his location to conduct an open air sniff of the aircraft. Multiple agencies responded to the Copiah County Airport. Mississippi Highway Patrol Canine Unit Trooper Jamie Puckett was one of the first officers on the scene. Trooper Puckett, at the request of AIA Smith, deployed his canine partner to search for the presence of controlled substance. Trooper Puckett observed his canine indicate to the presence of controlled substance. At this time, the aircraft door was open and officers and agents could observe large bundle or bale shaped packages concealed within black plastic garbage bags in the rear luggage area of the cabin and along the front passenger seating area of the aircraft. When the bundles were removed from the aircraft it was determined that there were seven bundles, one bundle in each garbage bag, in the following weights: 41.68 pounds, 41.56 pounds, 40.32 pounds, 39.71 pounds, 41.41 pounds, 25.28 pounds and 18.30 pounds. The total weight of each bundle when removed from the black garbage bags was determined to be 248.26 pounds.

During the search of the aircraft, a strong odor of marijuana was observed. It is also worthy of noting that the bundles and bales made movement from the aircraft doorway to the cockpit area difficult for searching agents and officers.

KOUTSOS, HORRISBERGER and SAECHAO were arrested for violation of State of Mississippi Law – Trafficking Marijuana and Possession of Marijuana with Intent to Distribute. All three subjects were transported to the Copiah County Adult Detention Facility and held pending arraignment or initial appearance. The aircraft (N454SC) was seized by HSI and remains at the Copiah County Airport awaiting inspection and impound.

Based on the aforementioned underlying facts and circumstance, I have reason to believe and do believe that probable cause exists to arrest KOUTSOS, HORRISBERGER and SAECHAO for 21 USC 841 (Possession of Marijuana with Intent to Distribute), 21 USC 846 (Conspiracy to possess Marijuana with Intent to Distribute) and 18 USC 1952 (Interstate Transportation in Aid of Racketeering). I therefore respectfully request that a warrant based on affidavit and Criminal Complaint be issued.

_____
Malcolm C. McMillin
Special Agent
Homeland Security Investigations


SUBSCRIBED and SWORN to before me this the 8th day of January, 2017.

_____
Honorable Linda R. Anderson
United States Magistrate Judge
Southern District of Mississippi

7