# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:17-CR-77-CWR-LRA

NIKOLAOS THOMSON KOUTSOS

## ORDER

Before the Court are Lauren J. Rogers' petition for a claim in interest in property and the United States' motion to dismiss her petition.

On March 20, 2018, the Court filed an Agreed Preliminary Order of Forfeiture. The order directed Defendant Nikolaos Thomson Koutsos to forfeit the following property to the United States:

1. Piper "Mojave" multi-engine, fixed wing, aircraft, S/N: 31P-8414024, FAA Registration (Tail Number) N454SC;
2. Vanilla Bank Prepaid MasterCard, Card Number ending in 9903;
3. Vanilla Bank Prepaid MasterCard, Card Number ending in 6691;
4. Vanilla Bank Prepaid MasterCard, Card Number ending in 0233;
5. Vanilla Bank Prepaid MasterCard, Card Number ending in 8902;
6. Vanilla Bank Prepaid MasterCard, Card Number ending in 9985;
7. Vanilla Bank Prepaid MasterCard, Card Number ending in 4327;
8. $446.00 United States Currency;
9. Smith & Wesson Shield .40 Caliber Pistol, SN: HBB2399;
10. Magazine for Smith & Wesson Shield .40 Caliber (no serial number); and
11. 8 Rounds of .40 Caliber Ammunition

Docket No. 81. Pursuant to Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure, the United States was ordered to publish notice of the order and its intent to dispose of the property. To the extent practicable, the United States was also directed to provide written notice to all known potential claimants and publish the notice. *Id*. at 5.

On April 26, 2018, Lauren J. Rogers filed a Motion for Claim in Interest in Property, asserting a "significant interest in the forfeited property of Nikolaos Thomson Koutsos," due to

his delinquent child support. Docket No. 105. In addition to her petition, Rogers filed an attachment, purporting to be a screenshot of a child support order showing the monthly amount Koutsos owed for child support ($968.00) and the amount due as of April 25, 2018 ($27,244.00). Docket No. 106.

Third-party interests in property subject to criminal forfeiture are governed by 21 U.S.C. § 853(n)(2). Federal law provides that:

> Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may … petition the court for a hearing to adjudicate the validity of his alleged interest in the property.

The Court must determine whether the petitioner has established by a preponderance of the evidence that:

> (A) [T]he petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) [T]he petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

*United States v. Butera*, No. 1:05-CR-12-WJG-RHW, 2006 WL 1195473, at *1-2 (S.D. Miss. May 2, 2006) (quoting 21 U.S.C. § 853(n)(6)(A), (B)). The present issue does not involve a bona fide purchaser of property, therefore this the Court need only address the considerations in subsection (A).

The Court sympathizes with Rogers' difficulties in obtaining child support for her three minor children. Nevertheless, her claim is not supported by the federal criminal forfeiture statute. Rogers has not shown any specific interest in any of the assets forfeited to the Government—i.e.,

2

that she owned the plane or the pistol. At this stage, the most that may be said is that Rogers is a general unsecured creditor of Koutsos based on her order of child support. Such status, however, does not make Rogers' interest in the seized property superior to that of Koutsos or the Government. *See Butera*, 2006 WL 1195473, at *2; *see also United States v. Perkins*, 382 F. Supp. 2d 143, 144 (D. Me. 2005) ("Unsecured general creditors do not usually have standing to assert a legal interest superior to that of the Government"). "Typically, standing alone, a child support obligation is not sufficient to create a legal interest in a particular, specific asset." *Perkins*, 382 F. Supp. 2d at 145. [1]

"In a federal forfeiture action, ownership interests are defined by state law, and the federal forfeiture statutes determine whether those property interests must be forfeited to the government." *Butera*, 2006 WL 1195473, at *2 (quoting *United States v. East Carroll Corr. Sys., Inc.*, 14 F. Supp. 2d 851, 852-53 (W.D. La. 1998)); *see also United States v. Bulk*, 314 F. App'x 565, 568-69 (4th Cir. 2009); *United States v. 2525 Leroy Lane*, 910 F.2d 343, 349 (6th Cir. 1990).

Rogers presented a screenshot of a child support order obtained from the Florida Department of Revenue Child Support eServices website. The Mississippi Code provides that "judgments [for delinquent child support] arising in other states by operation of law shall be given full faith and credit in this state." Miss. Code Ann. § 93-11-71(1)(b). The statute allows such a judgment to "operate as a lien upon all the property of the judgment debtor, both real and

---

[1] Former Deputy Chief of the Asset Forfeiture Office in the Criminal Division of the U.S. Department of Justice, David Smith, noted that "[t]he narrowly defined exemptions from forfeiture leave many third parties out in the cold—for example, wives who have child support orders and employees who are owed wages." David B. Smith, *A Comparison of Federal Civil and Criminal Forfeiture Procedures: Which Provides More Protections for Property Owners?*, in THE HERITAGE FOUND. No. 158 at 4 (July 30, 2015).

personal"; however, the "the lien shall be perfected as to third parties without actual notice thereof only upon enrollment of the judgment roll." *Id*. § 93-11-71(2).

The United States contends that Rogers has not perfected her lien against Koutsos by enrolling the judgment on the judgment roll, and thus, her interest in the property at issue here has not been perfected. Further, the United States argues that Rogers' interest cannot be superior to that of Koutsos at the time he committed the acts which gave rise to the forfeiture. Rogers did not respond to this argument and her petition does not provide any state authority to show that her interest in the particular funds and property seized was vested in her or was superior to that of Koutsos. *See United States v. Schwimmer*, 968 F.2d 1570, 1581 (2d Cir. 1992) ("A general creditor has no interest in a particular asset or particular funds that is either vested or superior to a defendant's.").

Based on the foregoing, the Court finds that Rogers has failed to establish standing to claim an interest in the disputed property. The Court will grant her an additional 14 days to amend the petition to provide state authority, if any exists, that would show that she has a legal right to the forfeited tangible personal property superior to that of Koutsos.

For these reasons, the United States' motion to dismiss is GRANTED and Roger's petition is DISMISSED without prejudice.

SO ORDERED, this the 4th day of October, 2018.

/s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE